**In the Matter of J.T., JR.**

No. 2–91–131–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 22, 1992.

Rehearing Denied March 24, 1992.

N.R. Stevenson, Granbury, for appellant.

Richard L. Hattox, Dist. Atty., Granbury, for appellee.

Before HILL, MEYERS and DAY, JJ.

OPINION

HILL, Justice.

J.T., Jr., appeals from an adjudication pursuant to TEX.FAM.CODE ANN. sec. 54.03 (Vernon 1986) that he has engaged in delinquent conduct, based upon a jury's finding that he had burglarized a building. In four points of error, he contends that the evidence is insufficient to support the jury's finding.

We affirm because we hold that the evidence is sufficient to support the jury's finding.

Evidence presented to the jury showed that on or about December 30 or 31 of "this year" J.T., Jr., and another juvenile broke into and entered a fireworks stand owned by Glen Braddock and took a variety of fireworks, all without Braddock's consent. We hold that this evidence is sufficient to support the jury's finding that J.T., Jr., burglarized the building.

J.T., Jr., contends in point of error number one that the State failed to prove beyond a reasonable doubt that he is the person who committed the offense.

Glen Braddock, the owner of the fireworks stand, testified that after the incident in question the young man sitting to the left of Mr. Stevenson came into his store with someone else and sought to make restitution for the fireworks. After some discussion as to who said what, Braddock testified that this young man was the one who got on the phone with the district attorney and admitted that he and the other youth had committed the burglary. N.R. "Steve" Stevenson was the trial attorney for J.T., Jr., and represents him on this appeal.

Floyd Hamm testified that he ran the fireworks store for Braddock. He said that he knew the young man seated over to the left as J.T., Jr. He said that on the night of the break-in J.T., Jr., had been at his house with another boy visiting his son and that he had asked them to leave.

Ben Edward Gray, Jr., testified that he knew this boy, J.T., Jr., and then he identified him in the courtroom. He said that he went to the home of P.G., another juvenile, that J.T., Jr., was there, and that he talked to him. He said that J.T., Jr., told him that "they had broke into fireworks that night." He said that J.T., Jr., gave him the fireworks back. He said that the fireworks came from J.T., Jr.'s house. He indicated that J.T., Jr., was worried about Hamm's son coming after him for breaking into his father's stand.

P.G., the other juvenile, testified that he knew J.T., Jr., the kid seated to the left of Mr. Stevenson. He identified him as J.T., Jr., and said that his father's name was J.T. also. He said he was with J.T., Jr., on the 30th of December when they decided to break into the fireworks stand. He related that after J.T., Jr. (he actually referred to him by his first name) punched out a vent on the stand and opened the door, they went in and grabbed some fireworks.

We must determine if, after viewing this evidence, a rational trier of fact could have found this element of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985). We hold that this evidence is sufficient to identify J.T., Jr., the juvenile on trial, as the one who, along with P.G., broke into the fireworks stand and stole fireworks from that stand. *See Rohlfing v. State*, 612 S.W.2d 598, 601 (Tex.Crim.App. [Panel Op.] 1981). J.T., Jr., presents no comparable authority. We overrule point of error number one.

■ J.T., Jr., asserts in point of error number two that the State failed to prove beyond a reasonable doubt that the act allegedly constituting delinquent conduct was committed on or about the date charged in the petition and authorized in the court's charge to the jury. The petition alleging delinquent conduct alleged that the burglary occurred on or about December 31, 1990, the same date used in the court's charge to the jury. The trial was held on March 14, 1991.

Glen Braddock testified that he owned the property and store in question on December 30–31st of "this year." He said that on December 30–31st he did not give J.T., Jr., permission to be in his building after hours. Braddock said that he had owned the store since October 22 of "last year."

Floyd Hamm testified that "back during the Christmas holidays" he was running a fireworks stand for Braddock. He said that he had occasion to work on December 30th and 31st of "this year." He said that he closed the stand on December 30th. He said that when he went to work the next morning that he noticed "a fireworks [sic] down on the ground" and saw that the window of the front door was busted out. He went in and noticed that everything was torn up and a bunch of fireworks gone.

Ben Gray testified that he had known J.T., Jr., for about a couple of months, but he really did not know for how long. He said that at some time prior to trial he had talked to J.T., Jr., who had told him that "they had broke into fireworks 'that night.' "

P.G. testified he was with J.T., Jr., on December 30 when they decided to break into the fireworks stand. He said that they broke in about 11 or 12. We hold that this

evidence is sufficient to support the jury's finding that J.T., Jr., committed this offense on or about December 31, 1990, because that is the only rational conclusion that they could have reached as to when the witnesses were saying the offense occurred. J.T., Jr.'s hypothesis that the evidence was referring to December 30th or 31st, 1991, which at the time of trial was a future date, is not a reasonable hypothesis. We overrule point of error number two.

J.T., Jr., argues in point of error number three that the evidence is insufficient to show that he burglarized a building because of evidence that he contends shows that the fireworks stand was a vehicle rather than a building.

As we interpret J.T., Jr.'s argument, he is not arguing that there was insufficient evidence to show that the fireworks stand is a building, but argues that there was additional evidence that showed that the building was actually a vehicle. Specifically, he calls our attention to Braddock's description of the fireworks stand as a small little house built on a trailer. P.G., the other juvenile involved in the burglary, also testified that the fireworks stand was on a little trailer.

Chapter 30 of the Texas Penal Code deals with the subject of burglary and criminal trespass. TEX.PENAL CODE ANN. sec. 30.02 (Vernon 1989) deals with burglary, a second degree felony, and, under some circumstances, a first degree felony. TEX.PENAL CODE ANN. sec. 30.04 (Vernon 1989) deals with the burglary of a vehicle, a third degree felony. Under the terms of section 30.02, the offense of burglary must involve entry to, or concealment in, a building or habitation, whereas under the terms of section 30.04 the burglary of a vehicle involves breaking or entering into a vehicle. TEX.PENAL CODE ANN. sec. 30.01 (Vernon 1989) defines "habitation" in such a way as to include either a structure or a vehicle that is adapted for the overnight accommodation of persons, and "vehicle" is defined so as to exclude a "habitation" from what may constitute a "vehicle" in chapter 30. Section 30.01 defines "building," as "any enclosed structure in-

tended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use." The definition does not include a vehicle within its terms and the definition of "vehicle" does not exclude "building" from its definition as it does "habitation." Based on these definitions, J.T., Jr., argues that the evidence shows that the fireworks stand was on a trailer, that it therefore was a vehicle, that a vehicle was not intended to be included in the definition of "building," and that therefore the State did not prove beyond a reasonable doubt that he broke into a building, as opposed to a vehicle.

■ A "trailer" is defined in *Webster's Third New International Dictionary, Unabridged Edition* (1984), p. 2424 as "a vehicle or one in a succession of vehicles hauled usu. by some other vehicle: as ... a nonautomotive highway or industrial-plant vehicle designed to be hauled, (as by a tractor, motortruck, or passenger automobile)." We conclude that a trailer is itself a vehicle in the ordinary sense. It would also seem to meet the Chapter 30 definition of a "vehicle" as "any device in, on, or by which any person or property is or may be propelled, moved, or drawn in the normal course of commerce or transportation, except such devices as are classified as 'habitation.'"

■ The issue before us then is whether a building, when placed upon a vehicle, becomes a vehicle, rather than a building, for the purposes of prosecution for burglary under Chapter 30 of the Texas Penal Code. As we have noted, a "vehicle" is the device in, on, or by which any person or property is or may be propelled, moved or drawn. Where a nonvehicular structure or object is propelled, moved, or drawn on a vehicle, we hold that the term "vehicle" as defined in section 30.01 is not intended to apply to that structure or object, even though the structure or object might itself contain other people or property.

TEX.PENAL CODE ANN. sec. 30.03 (Vernon 1989) involves the offense of burglary of coin-operated or coin collection machines. Presumably, such machines might be carried in or on a trailer in the normal

course of commerce or transportation. While being carried in such a manner, the machines might carry property or money, just as the fireworks stand might carry fireworks if transported by trailer. Under J.T., Jr.'s broad definition of "vehicle," a burglary of those machines would constitute the offense of burglary of a vehicle, as opposed to the burglary of a coin-operated or coin collection machine, if the machines were sitting on a trailer at the time of the burglary. We do not consider such a construction to be a reasonable construction of the chapter. J.T., Jr., presents us with no case authority in support of his contention. We overrule point of error number three.

■ J.T., Jr., insists in point of error number four that the State failed to prove beyond a reasonable doubt that his entry into the building was without the effective consent of Braddock, the owner of the fireworks stand. Braddock testified that he did not give the young man whom we have held was identified as J.T., Jr., his consent to enter the fireworks stand. We hold that a rational jury could, based upon this evidence, find beyond a reasonable doubt that J.T., Jr.'s entry into the fireworks stand and his theft of fireworks from that stand was without the effective consent of Braddock, the owner. We overrule point of error number four.

The judgment is affirmed.